296 S.E.2d 544

**Ameen JAROUSH**

v.

**Virgil COOK.**

No. 15443.

Supreme Court of Appeals of West Virginia.

June 23, 1982.

J. Ned Grubb, Logan, for appellee.

Teresa McCune, Logan, for appellant.

PER CURIAM:

The appellant in this proceeding, Virgil Cook, was sued by his landlord, Ameen Jaroush, for past-due rent and for possession of the house which Mr. Jaroush had rented to him. As a defense the appellant alleged that Mr. Jaroush had breached the implied warranty of habitability which a landlord of residential premises in West

Virginia gives to his tenant. Before taking evidence on the question of whether Mr. Jaroush had breached the warranty, the Circuit Court of Logan County ordered the appellant to surrender the leased premises. The trial judge also, on his own motion, ordered the appellant to pay into escrow one-half of the accrued rent for which Mr. Jaroush was suing.

On appeal the appellant contends that the trial court erred in ordering that he surrender possession of the leased premises before the habitability question was resolved. He also claims that the court failed to follow the proper procedure in *sua sponte* ordering him to pay past-due rent into escrow pending resolution of the habitability issue. We agree with the appellant's assertions, and we reverse the decision of the circuit court.

In July 1980 the appellant rented a house located in Switzer, Logan County, from Ameen Jaroush. In renting the house he orally agreed to pay Mr. Jaroush one hundred dollars per month.

According to the appellant, after he moved into the house he noticed numerous defects. The roof leaked. The ceiling had fallen in various places. There were holes in the walls and floor. Much of the electrical wiring was defective. The house was infested with rats. There was an insufficient hot water supply. Several windows had fallen out of their casings. The sewer line was uncovered, and raw sewage leaked into the yard.

In January, 1981, the appellant stopped paying rent on the leased premises. Subsequently, on May 19, 1981, Mr. Jaroush brought an action for unlawful detainer in the Magistrate Court of Logan County. The appellant failed to appear in that action, and a default judgment was rendered against him on June 30, 1981.

The appellant appealed from the default judgment to the Circuit Court of Logan County. In the circuit court he claimed that because of the various defects the premises were uninhabitable, that Mr. Jaroush had breached his implied warranty of habitability, and that the defective condition of the premises had abated his obligation to pay rent. A pre-trial conference was held in the case on September 28, 1981. After the conference the court on October 26, 1981, entered an order which granted Mr. Jaroush possession of the premises effective thirty days from the date of the order. The Court also required the appellant to pay into escrow one-half of the rent due Mr. Jaroush pending resolution of the habitability question.

On appeal the appellant's first assertion is that the trial court erred in ordering him to relinquish possession of the premises before determining whether Mr. Jaroush had breached the implied warranty of habitability.

In *Teller v. McCoy*, 162 W.Va. 367, 253 S.E.2d 114 (1979), we recognized that in West Virginia there is an implied warranty that a landlord of residential premises shall, at the commencement of a tenancy, deliver the dwelling unit and surrounding premises in a fit and habitable condition and shall thereafter maintain the property in such condition. We also said:

"Breach of the implied warranty of habitability may constitute a defense to an action for unlawful detainer or to an action for rent or damages brought by the landlord." Syllabus point 3, *Teller v. McCoy, supra.*

In the body of the opinion we explained this as it related to possession:

"[W]hen the covenants of a lease are viewed under contract law as being mutually dependent, the tenant's right to possession may not necessarily expire upon his failure to pay rent. The landlord's breach of warranty becomes directly related to the issue of possession. The tenant affirmatively alleging as a defense breach by the landlord of the implied warranty should be accorded the opportunity to show that his right to possession has not expired." *Teller v. McCoy, supra* 162 W.Va. at 387, 253 S.E.2d at 126.

We believe that this means that where a landlord predicates his right to repossess the premises on the tenant's failure to pay rent and the tenant as a defense alleges that the landlord has breached the implied warranty of habitability, then the tenant

must not be immediately dispossessed, but must be afforded an opportunity to prove his allegations. If the tenant proves that the implied warranty has been breached, that proof constitutes a defense allowing him, on his election, to retain possession of the premises. If he fails to prove the breach, he can then be dispossessed.

We proceeded to explain in *Teller v. McCoy* that the landlord could obtain protection against frivolous claims and could insure that he would not be deprived of a fund against which he could collect his back rent by moving the Court for a protective order:

"In order to protect the landlord from the assertion of a frivolous implied warranty claim by a tenant in possession, to assure the landlord that any rent money adjudicated as owed to him will be available, and to encourage the landlord to make timely repairs so as to minimize a tenant's damages, several courts have held that the trial court, upon request, after determining that a fact questions [sic] exists as to a breach of warranty of habitability, may, during the pendency of the action, require the tenant in possession to make future rent payments or part thereof unto the court as they become due." *Teller v. McCoy*, 162 W.Va. 393, 253 S.E.2d at 129.

We gave explicit guidelines governing the use of a protective order in Syllabus Pt. 6 of *Teller v. McCoy, supra:*

"The trial court, after determining that a fact question exists as to a breach of warranty of habitability, may, during the pendency of the action, require the tenant in possession to make future rent payments or part thereof into an escrow account as they become due, but only in limited circumstances, only on motion of the landlord, and only after notice and opportunity for a hearing on such a motion."

In the case before us the trial judge erred in two regards under *Teller*. First he dispossessed the tenant before the habitability issue was resolved. Secondly, he entered a protective order requiring the appellant to pay past-due rent into escrow rather than future installments, and he entered that order without following the explicit procedural guidelines contained in Syllabus Pt. 6 of *Teller*. Under the circumstances, we believe that the judgment of the circuit court must be reversed.

Accordingly, the order of the Circuit Court of Logan County is reversed, and this case is remanded for further development.

Reversed and remanded.